UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:14CR228(JBA) |
| | : | |
| v. | : | |
| | : | |
| RYAN GEDDES | : | March 27, 2016 |

**GOVERNMENT'S FURTHER SUPPLEMENTAL SENTENCING MEOMRANDUM
REGARDING MARKET RISK AND DISPARATE SENTENCING LAW**

The United States of America respectfully files this further supplemental memorandum,

to provide case law pertinent to defendant's arguments against: (1) a defendant's bearing the risk

of market decline at the time when mortgage loss "offset risk" is assessed from the sale of

foreclosed property; and (2) a defendant's being sentenced to pay a higher restitution amount

than earlier-sentenced co-defendants.

1.   Defendant bears the market risk in mortgage fraud loss calculations.

The Ninth Circuit Court of Appeals summarized the state of the case law on this issue –

including Second Circuit law – as follows:

> We adopt the . . . approach first articulated by the Eastern District of
> Virginia, and subsequently adopted by the Second, Sixth, and Tenth Circuits. In
> calculating loss in mortgage fraud cases . . . The second step is to apply the "credits
> against loss" . . . and deduct from the initial measure of loss any amount recovered
> or recoverable by the creditor from the sale of the collateral. This second
> calculation is made without any consideration of reasonable foreseeability. See
> United States v. Crowe, 735 F.3d 1229, 1236–41 (10th Cir.2013); United States v.
> Wendlandt, 714 F.3d 388, 393–94 (6th Cir.2013); United States v. Turk, 626 F.3d
> 743, 748–51 (2d Cir.2010); United States v. Mallory, 709 F.Supp.2d 455, 457–60
> (E.D.Va.2010), aff'd., 461 Fed.Appx. 352, 361 (4th Cir.2012) (unpublished).[1] The
> resulting amount is the final loss amount. Such an approach is not only dictated by
> the plain language of the Guidelines and their accompanying commentary, but also
> "necessary to ensure that defendants who fraudulently induce financial institutions
> to assume the risk of lending to an unqualified borrower are responsible for the
> natural consequences of their fraudulent conduct," no more, no less. Mallory, 709

F.Supp.2d at 459; see also Turk, 626 F.3d at 750 ("To accept [the defendant's] argument would be to encourage would-be fraudsters to roll the dice on the chips of others, assuming all of the upside benefit and little of the downside risk.").

United States v. Morris, 744 F.3d 1373, 1375 (9th Cir. 2014)

2.    Disparate restitution obligations among co-defendants may be warranted.

"[D]isparate treatment of similarly situated individuals at sentencing is not constitutionally impermissible." United States v. Satterfield, 743 F.2d at 841.   The Third Circuit Court of Appeals specifically rejected an equal protection claim regarding disparate restitution amounts imposed on similarly-situated co-defendants, reasoning as follows:

> We agree with the Eleventh Circuit that a district court judge must be given considerable discretion in determining the appropriate sentence for a convicted offender. Williams v. Illinois, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970); United States v. Garcia, 544 F.2d 681, 685 (3d Cir.1976). Application of the restitution provisions of the VWPA will invariably result in some sentencing disparity since the statute authorizes the sentencing judge to consider the particular losses sustained by the victim and the financial circumstances of the defendant. See 18 U.S.C. § 3580(a). The individualized focus of the VWPA necessitates the exercise of judicial discretion in the sentencing process. So long as this discretion is properly exercised, however, the mere disparity in sentences under the VWPA does not offend equal protection. See Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 43 (3d Cir.1984) (no equal protection violation where there was no contention that sentencing disparity was the result of discrimination based on race, sex or similar grounds).

United States v. Palma, 760 F.2d 475, 478 (3d Cir. 1985)

Respectfully submitted

DEIRDRE M. DALY
UNITED STATES ATTORNEY

*Henry K. Kopel*

HENRY K. KOPEL
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct24829

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2016, I filed a copy of the foregoing pleading and proposed Order, and caused copies of same to be served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Copies of the foregoing have also been sent directly by E-mail to counsel for defendant Ryan Geddes, Richard C. Marquette, Esq., at rcmarquette@aol.com, and to U.S. Probation Officer Megan N. Chester, at megan_chester@ctp.uscourts.gov.

Harry K Kopel

Assistant U.S. Attorney